UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| JOANNE PLOETZ, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. |
| vs. ) | |
| ) | Plaintiff demands trial by jury. |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Defendant. ) | |

COMPLAINT

NOW COMES the Plaintiff, JOANNE PLOETZ, by and through her attorney, Bruce N. Crawford of Huffman, Usem, Saboe, Crawford & Greenberg, P.A., and complains of the Defendant, UNITED STATES OF AMERICA, as follows:

1. This cause of action is based upon 26 USCA §7422(a), which provides for actions by a taxpayer for the recovery of any Internal Revenue tax alleged to have been erroneously or illegally assessed or collected and that the jurisdiction of this Court is based upon 28 USCA §§ 1340, 1346(a)(1), which provide that the District court shall have original jurisdiction of any civil action arising under any act of Congress providing for Internal Revenue and for the recovery of any Internal Revenue tax alleged to have been collected without authority or any sum alleged to have been excessive or in any manner wrongfully collected under the Internal Revenue laws.

2. Plaintiff is a resident of Chisago County, State of Minnesota.

3. LOFGREN TRUCKING SERVICE, Inc., (hereinafter referred to as, "Lofgren") was

1

incorporated on January 3, 1980 under the laws of the State of Minnesota.

4. On or about June 29, 2005, Mark D. Eggert ("Eggert") purchased 100% of the stock in Lofgren.

5. Eggert was Lofgren's chief executive and financial officer from June 29, 2005, forward.

6. Beginning June 29, 2005, Plaintiff was employed by Lofgren at a wage of $2,000.00 per month to perform clerical tasks involving payroll.

7. During the period from June 29, 2005, through January, 2006, Eggert prepared Lofgren's payroll information and submitted it to Paychex who then prepared the quarterly employment tax returns and the employee pay checks. Eggert reviewed the quarterly employment tax returns and the employee pay checks before submitting the checks to plaintiff for her signature and distribution to the employees.

10. Plaintiff was not the signatory for any other Lofgren operating bank account or accounts.

11. Lofgren defaulted on the payment of Federal FICA and withholding taxes, as required by 26 USCA §§3101, 3102, 3111 and 3402 for the following quarters:

| Type Tax | Period Ending |
|---|---|
| Form 941, Employers Quarterly Federal Tax | April 1, 2005, to June 30, 2005 |
| Form 941, Employers Quarterly Federal Tax | July 1, 2005, to September 30, 2005 |
| Form 941, Employers Quarterly Federal Tax | October 1, 2005, to December 31, 2005 |

12. Pursuant to 26 USCA §6672(a), on or about August 6, 2007, the Internal Revenue Service issued an assessment to Plaintiff in the amount of $62,455.37, which pursuant to 26 USCA §7501(a), represented the alleged "Trust Fund Portion" of the tax liability.

13. On or about April 15, 2008, Plaintiff filed with the Internal Revenue Service a claim for

2

refund and request for abatement of $62,455.37.

13. On or about February 8, 2008, pursuant to levy, the Internal Revenue Service collected the sum of $1,499.34 from Plaintiff which sum was credited against the 26 USCA §6672 Trust Fund Recovery Penalty amount due for the quarter ending December 31, 2005.

14. On or about July 10, 2008, Plaintiff paid the sum of $50.00 to the Internal Revenue Service which sum was credited against the 26 USCA §6672 Trust Fund Recovery Penalty amount due for the quarter ending June 30, 2005.

15. On or about July 10, 2008, Plaintiff paid the sum of $50.00 to the Internal Revenue Service which sum was credited against the 26 USCA §6672 Trust Fund Recovery Penalty amount due for the quarter ending September 30, 2005.

16. On or about July 15, 2008, the Minneapolis-St. Paul District of Internal Revenue Service issued a letter denying taxpayers claim for refund and request for abatatement.

17. The assessment of a Trust Fund Recovery Penalty tax liability against Plaintiff for employment tax liabilities of Lofgren was improper since she was not a responsible person, nor was she willful within the meaning of 26 USC §6672. Therefore, Plaintiff is entitled to a refund of the entire $1,599.34 which she has paid plus statutory interest from the date of payment and to abatement of the original assessment of $62,455.37.

18. Plaintiff has incurred and continues to incur attorney's fees in this action and she is entitled to an award of attorney's fees pursuant to the Equal Access to Justice Act, 28 USC § 2412(b) and IRC § 7430.

WHEREFORE, for the foregoing reasons, Plaintiff respectfully requests:

1. Judgment for her and against the Defendant, UNITED STATES OF AMERICA, in the

amount of $1,599.34 plus statutory interest and abatement of the assessment in the amount of $62,455.37;

2. Plaintiff's attorney's fees and costs in this action to be paid by Defendant pursuant to 28 USC §2412(b) and IRC §7430; and

3. Such other relief as this Court deems just.

Dated: 7/15/10

*Bruce N. Crawford, signature*

Bruce N. Crawford, Atty. I.D. #154866
Attorney for Plaintiff Joanne Ploetz
5101 Olson Memorial Highway
1000 Water Park Place
Minneapolis, MN 55422
Phone: 763-545-2720
Fax: 763.545.2350
E-mail: bnc@huscglaw.com

c:\client\ploetz joanne\complaint for abatement.wpdJuly13 2010