UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

Joanne Ploetz,

                Plaintiff,

                                    Civ. No. 10-3017 (RHK/FLN)
                                    **ORDER**

v.

United States of America,

                Defendant.

---

This matter is before the Court on Defendant's Motion to Dismiss (Doc. No. 3) for Plaintiff Joanne Ploetz's failure to properly serve the United States. A hearing on the Motion was noticed for March 8, 2011. To date, Ploetz has failed to respond. For the reasons set forth below, the Court will grant the Motion.

Ploetz filed this action in July 2010, seeking a refund of payments she allegedly made to the Internal Revenue Service and the abatement of a trust fund recovery penalty assessed against her. She is represented by counsel in this matter. Summonses were apparently issued in October 2010. (See Docket Entry 10/25/2010.) To date, Ploetz has not filed proof of service on the United States.

On November 16, after 120 days had elapsed since Ploetz filed her Complaint, Magistrate Judge Franklin L. Noel issued an Order directing Ploetz to (1) notify defense counsel of the need to respond; (2) apply for a default; or (3) advise the Court in writing of good cause for the lack of response. This Order warned Ploetz that failure to comply within 20 days would result in dismissal for failure to prosecute. (See Doc. No. 2.) In

response, Ploetz indicated that she had <u>not</u> served the U.S. Attorney for the District of Minnesota; instead, "a summons and complaint had been served alternatively on the Civil Process Clerk at the United States attorney's office, U.S. Department of Justice, P.O. Box 7238, Ben Franklin Station, Washington, DC 20044." (Doc. No. 5, Ex. B.) Ploetz enclosed certified mail receipts showing that summons and copies of her complaint were sent to (1) the Attorney General at a Washington D.C. address, (2) the civil-process clerk at the U.S. Department of Justice in Washington, D.C., and (3) the "Internal Revenue Service, St. Paul Appeals" at a St. Paul address. (<u>See</u> <u>id.</u>)

Federal Rule of Civil Procedure 4(i)(1) sets forth how to serve the United States. A plaintiff must (A) deliver the summons and complaint to the U.S. Attorney for the district where the action is brought (or mail it to the civil-process clerk at the U.S. Attorney's office for the district), *and* (B) mail a copy of each to the U.S. Attorney General. <u>See</u> Rule 4(i)(1)(A)–(B). Ploetz was required to satisfy <u>both</u> clauses (A) and (B) of Rule 4(i)(1). In the Court's view, she has failed to do so.

First, the United States argues Ploetz did not properly serve the Attorney General under clause (B). It has provided a copy of the letter, summons, and complaint she mailed to the Attorney General; although the envelope was addressed to the Attorney General, the letter and summons it contained were both addressed to the civil-process clerk at the address listed above. (Doc. No. 5, Ex. A.) Thus, it argues service was defective. Ploetz has failed to respond to this argument. Additionally, even if the Court accepted Ploetz's attempt to serve the Attorney General, she also failed to satisfy clause (A), which requires service on the U.S. Attorney for *the district in which the action is*

2

*brought*.  The language of Rule 4(i)(1)(A)(i) clarifies that clause (A) is concerned with ensuring that the local U.S. Attorney's office receives the summons and complaint, and subdivision (ii) merely allows for service by mail to the civil-process clerk at that office rather than requiring hand delivery to the U.S. Attorney.  Here, Ploetz conceded in her letter to Judge Noel that she did not serve the U.S. Attorney for this district, but had alternatively served the civil-process clerk at the Department of Justice in Washington, D.C.  (Id. Ex. B.)  In short, she has not satisfied the requirements of Rule 4(i) for serving the United States.

Moreover, Ploetz has failed to prosecute this action by not responding to the instant Motion.  See Fed. R. Civ. P. 41(b); Link v. Wabash R.R. Co., 370 U.S. 626, 630–31 (1962) (construing Rule 41(b) as allowing courts to dismiss actions *sua sponte* for lack of prosecution).  Under Local Rule 7.1(b)(2), she was required to respond to the Motion at least 21 days prior to the hearing.  Although the hearing is now less than 14 days away, Ploetz has filed no response, providing yet another basis for dismissal.

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS ORDERED** that Defendant's Motion to Dismiss (Doc. No. 3) is **GRANTED**.  Ploetz's Complaint (Doc. No. 1) is **DISMISSED WITHOUT PREJUDICE**.

**LET JUDGMENT BE ENTERED ACCORDINGLY**.


Dated: February 23, 2011                     s/Richard H. Kyle
                                             RICHARD H. KYLE
                                             United States District Judge